# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

     Plaintiff,

vs.

OYSTER BAY HOMES, INC., a Florida
corporation, PEDRO DELGADO and
MARGARITA DELGADO, citizens of
Florida, KEVIN JACOBSON and
RHONDA JACOBSON, citizens of
Florida, RAYMOND OLER and
DANETTE OLER, citizens of Florida,
PETER WILLINGHAM and MARTY
WILLINGHAM, citizens of Florida,
MARILOU DESTACAMENTO and
ALADIN DESTACAMENTO, citizens of
Florida, RUSSELL BRUMBAUGH and
CAROL BRUMBAUGH, citizens of
Florida, and CHYRILLE McINTOSH, a
citizen of Florida,

     Defendants.

_____/

Case No.: 2:10-cv-00188-CEH-SPC

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

     Plaintiff,

vs.

HARBOR SPRINGS CONSTRUCTION
AND DEVELOPMENT, LLC, a Florida
limited liability company, PETER
PLOTKIN, a citizen of California,
DIANE McNEEL, a citizen of California,

     Defendants.

_____/

Case No.: 2:10-cv-330-JES-SPC

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

       Plaintiff,

vs.

PAUL HOMES, INC., a Florida
Corporation, RICHARD W. FULKS and      Case No.: 2:10-cv-191-JES-DNF
BONNIE J. FULKS, citizens of Florida,
MICHAEL NUKHO, EDWARD
NUKHO and GEORGE NUKHO, citizens
of New York, and SCOTT BARRY and
JUDY BARRY, citizens of New Jersey,

       Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

       Plaintiff,

vs.

HANSEN HOMES OF SOUTH
FLORIDA, a Florida corporation, JOHN
NOWICKI, citizens of Florida, DAVID
BORGARDT AND KATHERINE
BORGARDT, citizens of Florida, TODD
RISMILLER AND LISA RISMILLER,
citizens of Florida, NATHAN EFRIES      Case No.: 2:10-cv-00309-CEH-SPC
AND PATRICIA EFRIES, citizens of
Florida, ROBERT VANCIO AND
KAREN VANCIO, citizens of Florida,
GLADYS VALLE, a citizen of Florida,
WILLIAM BAILEY AND GEORGIA
BAILEY, citizens of Florida, AMY
COHAN AND BRADLEY COHAN,
citizens of Florida, MICHAEL
CANCIGLIA AND RUNDA
CANCIGLIA, citizens of Florida, GARY
STOPA AND SHARON STOPA, citizens
of Florida, GIOVANNI LATONA AND
CHRISTINE LATONA, citizens of

Florida, JACK FASANO, a citizen of
Florida, GARY BAKER AND LYNN
BAKER, citizens of Florida, FRANK
CARDENAS, a citizen of Florida,
JANINE CALELLO AND PETER
CALELLO, citizens of Florida, JOSHUA
FRANKZE AND JULIANNE
FRANKZE, citizens of Florida,
WSVALDO MADRIGAL AND
MARTHA MADRIGAL, citizens of
Florida, TONY MORTON AND
VERONICA MORTON, citizens of
Florida, DAMIAN RIVERA AND
SONIA RIVERA, citizens of Florida,
MENDEL TIPTON AND DEBORAH
TIPTON, citizens of Florida, JOSE
ACOSTA AND SOFIA ACOSTA,
citizens of Florida, HUYNH NGUYEN, a
citizen of Florida, DAVID SIMS, a
citizen of Florida, JANELLE CAPLE, a
citizen of Florida, KIMBERLY CRICCO
AND CARL CRICCO, citizens of
Florida, MATTHEW DISTEL AND
STEPHANIE DISTEL, citizens of
Florida, LENNI FUGAZY AND JUSTIN
FUGAZY, citizens of Florida, HANS
JOACHIM KEHL, a citizen of Florida,
PAUL LOWANDE AND RENE
LOWANDE, citizens of Florida,
MICHELE TALERCIO AND TOM
TALERCIO, citizens of Florida, FRANK
VOLLMAR AND ELIZABETH
VOLLMAR, citizens of Florida, JOSEPH
TALERCIO, a citizen of Florida, and
WAYNE CARBONELL and
KIMBERLY CARBONELL,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

                                         Case No.: 2:10-cv-00328-JES-SPC

      Plaintiff,

vs.

3

AUBUCHON HOMES, INC., a Florida
corporation, and JEFFREY D.
KOTTKAMP and CYNTHIA
KOTTKAMP, citizens of Florida,

      Defendants.

_____

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

ROBERT VAN HOUSE, a citizen of
Florida, JEAN VAN HOUSE, a citizen of          Case No.: 2:10-cv-00395-JES-DNF
Florida, ED JACKSON, a citizen of New
Jersey, DIANE JACKSON, a citizen of
New Jersey, and VILLA
DEVELOPMENT, INC. d/b/a VILLA
HOMES OF SW FLORIDA, a Florida
Corporation,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.                                                             Case No.: 2:10-cv-00396-CEH-DNF

PORTOFINO HOMES, a dissolved
Florida Corporation, KYLE
HIMMELBERGER and MARNIE
HIMMELBERGER, citizens of Florida,
ARTURO LOYNAZ, a citizen of Florida,
LUIS MITJANS, a citizen of Florida, and
RIGOBERTO RIVAS and MARIA
RIVAS, citizens of Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.                                                                    Case No.: 2:10-cv-407-JES-DNF

EASTMOND ENTERPRISES, INC., a
Florida Corporation and ANN ROSKO, a
citizen of Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

BAYWOOD CONSTRUCTION, INC., a
Florida Corporation, JERALD and
MELISSA ADCOCK, citizens of Florida,
DARLENE CANNISTRACI, a citizen of
Florida, LEE and MELINDA
FERGUSON, citizens of Florida,
HARBHAJAN HAYRE, citizen of
Massachusetts, JOHN and JAYCINE
LESTER, citizens of Florida, LARRY
SCHILLER, a citizen of Tennessee,
EDWARD MANCINI and GRACE
SOLVIK, citizens of New Jersey, HELEN          Case No.: 2:10-cv-00523-JES-DNF
REINO, a citizen of New Jersey, MARIE
OCTOBRE, citizen of New York,
LYNDON MERTZ, a citizen of North
Dakota, WILSON FAJARDO and
ESTHER GONZALEZ, citizens of
Florida, MICHAEL ANDERSON and
KARLA CAMPOS, citizens of Florida,
ASHOK MALHOE, a citizen of Florida,
ANGEL and YVETTE SANTIAGO,
citizens of Florida, CARL and
PAULETTE WATERS, citizens of
Florida, MICHELE HWU, a citizen of

California, and SUSAN NEVELS, a
citizen of Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

HEIGHTS PROPERTIES, LLC, a Florida      Case No.: 2:10-cv-00536-CEH-DNF
Limited Liability Company, ANTHONY
SPOTO and SHARON SPOTO, citizens
of Florida, and MICHAEL SHEEHAN, a
citizen of Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

      Case No.: 2:10-cv-00538-CEH-DNF

GRAND HARBOUR HOMES, INC., a
Florida Corporation, and DENNIS LANG
and KAREN LANG, citizens of Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

      Case No.: 2:10-cv-561-JES-DNF

vs.

GOLD COAST HOMES OF S.W.
FLORIDA, INC., an Administratively      /

Dissolved Florida Corporation, and
SHAWN ANDERSON and VICTORIA
ANDERSON, citizens of Florida,

      Defendants.

_____

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

GROFF CONSTRUCTION, INC., a
Florida Corporation, NELSON MEDINA,     Case No.: 2:10-cv-00579-JES-SPC
a citizen of Florida, and JOHNNY
ELMURR, a citizen of
Florida,

      Defendants.

_____ /

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation,

      Plaintiff,

vs.

AMERICAN GALLERY
DEVELOPMENT GROUP, LLC d/b/a
AMERICAN GALLERY HOMES, a     Case No.: 2:10-cv-00591-CEH-SPC
voided foreign limited liability company,
THOMAS A. MULLEN and
KATHLEEN C. MULLEN, citizens of
New Jersey, and JAVIER RODRIGUEZ
and CATALINA SEPULVEDA, citizens
of Florida,

      Defendants.

_____ /

**MEMORANDUM REGARDING THE RELATIONSHIP BETWEEN THE ABOVE-STYLED CASES AND THE CASES IN MULTI-DISTRICT LITIGATION ("MDL") 2047 (*CHINESE-MANUFACTURED DRYWALL PRODUCTS LIABILITY LITIGATION*)**

Undersigned, on behalf of certain homeowner defendants in the above-styled litigation as well as in his capacity as the representative of the Plaintiffs' Steering Committee ("PSC") in MDL 2047, respectfully submits this Memorandum to assist the Court's preparation for the Status Hearing scheduled for April 26, 2011.

## I.     INTRODUCTION

Following a Motion by undersigned, in his capacity as counsel for certain homeowners and as the representative of the PSC in MDL 2047[1], in which he urged that the relationship between the above-styled cases and the MDL is an important issue to be considered at the Status Hearing (now set for April 26, 2011 at 9:00 A.M.), this Court entered Orders on March 7, 2011 in the above-styled cases requiring, *inter alia,* that undersigned file a Memorandum "as to the relationship between the above cases and the MDL litigation and any other issue regarding the MDL litigation that impacts the above cases."

## II.    SUMMARY OF THE CASE

The United States is beset with defective Chinese-manufactured drywall ("CDW") that was produced by approximately one hundred Chinese manufacturers, most of whom are partially state-owned entities related to the Peoples Republic of China through byzantine corporate structures.  Several of the manufacturers in China have German interests, others have American investors with substantial investments such as J.P. Morgan.  The Judicial Panel on Multi-District Litigation ("JPML") determined that the claims underlying the insurance coverage actions that

---

1 Undersigned was appointed by MDL Transferee Judge Eldon E. Fallon to the Plaintiffs' Steering Committee on July 27, 2009, and subsequently reappointed on January 12, 2011.  Attorney Arnold Levin was appointed Lead Counsel in both Pre-Trial Orders, which are available at http://www.laed.uscourts.gov/Drywall/Orders/PTO8.pdf and http://www.laed.uscourts.gov/Drywall/Orders/PTO8A.pdf, respectively. Mr. Levin appointed undersigned to serve as the PSC's representative to the above-styled cases.

are the subject of these declaratory judgment actions are appropriate for consolidation and transfer. *See In re Chinese-Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1346 (J.P.M.L. June 15, 2009). Since that initial Transfer Order, many actions were transferred to Judge Fallon for pre-trial purposes and many others were direct-filed into the MDL.

The bulk of the defendants in the actions transferred to MDL 2047, including the distributors, suppliers, importers, exporters, brokers, buildings, developers, installers and contractors have assisted, aided and abetted the Chinese manufacturers of the defective products that were imported into the United States. Many of these defendants have made claims for liability insurance coverage due to the underlying litigation transferred to the MDL in the Eastern District of Louisiana. Given the widespread use of CDW throughout the United States, comprehensive general liability claims ("CGL") made by and against builders and other defendants in CDW litigation brought around the country now implicate hundreds of insurance carriers, including Mid-Continent Casualty Co. ("MCC"). Indeed, the instant declaratory judgment actions seek to vitiate coverage for claims made against MCC insureds in the MDL.

Judge Fallon's oversight of the MDL impelled the parties to quickly conduct discovery to advance the litigation. Within the space of only eight months, the first CDW trial was conducted in the MDL.[2] Another trial followed immediately thereafter.[3]

Judge Fallon has emphasized his interest in coordinating all cases related to CDW into the MDL proceedings:

> I studied the mater a little more closely, and I find that a lot of the
> policy defenses that are being urged really have to do with the type

---

[2] *See Germano v. Taishan Gypsum Co., Ltd, No*. 09-6607, Findings of Fact (E.D.La. Apr. 8, 2010), available at http://www.laed.uscourts.gov/Drywall/Orders/Germano.FFCL.pdf.

[3] *See Hernandez v. Knauf Gips KG, No*. 09-6050, Findings of Fact (E.D.La. Apr. 27, 2010), available at http://www.laed.uscourts.gov/Drywall/MinuteEntries/Hernandez.FFCL.pdf.

of issues that I'll be dealing with in the MDL; that is to say, a defense might be and whether or not that's accepted or excluded by the policy.

Rather than have discovery in the various districts of the country on the same issues - - the whole purpose of the MDL is to prevent that - - those insurance issues, since they deal with the same facts that I will be dealing with in the MDL, it looks like that those cases are better and more efficiently dealt with if they are transferred to the MDL. Hopefully, that will be done.

*In Re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Hearing Transcript at 15 (E.D.La. Jan. 14, 2010) (Attached as Exhibit "A").

Similarly, the court ruled:

There are a number of issues involving insurance matters that will be addressed in this litigation. These include actions against insurers of manufactures, exporters, importers, brokers, distributors, builders, drywall contractors/installers and homeowners.

*In Re: Chinese Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Minute Entry at p. 24. (E.D.La. Jan. 14, 2010) (Attached as Exhibit "B").

The insurance coverage litigation that is the subject of the above-styled cases is widespread and involves common questions with the actions which have been transferred under 28 U.S.C. §1407. Many of the cases that have been transferred to MDL 2047 concern virtually identical coverage issues as the instant cases. In addition, there are eight substantial class actions pending in the MDL involving thousands of plaintiffs and defendants.[4] These so-called Omnibus Class Actions are channeling the claims of homeowners into the proceedings before Judge Fallon. The Omni Complaints filed in the Eastern District of Louisiana and that are part of MDL 2047 include:

Omni I: *Sean and Beth Payton, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-7628 (E.D.La.), a class action against four related Knauf manufacturing entities; 43 distributors and suppliers; five importers, exporters or brokers; 388 builders and developers; and 93 contractors and installers.

---

4 The PSC intends to file additional Omni Complaints.

Omni II:   *Kenneth and Barbara Wiltz, et al. v. Beijing New Building Materials Public Limited Co., et al.*, Civ. Action No. 10-361 (E.D.La.), involving a national class against 15 Chinese drywall manufacturers; 32 distributors, suppliers, importers, exporters or brokers; 166 builders or developers; and 41 installers or contractors.

Omni III:   *Gross, et al. v. Knauf Gips, KG, et al.*, Civ. Action No. 09-6690 (E.D.La.) and *Benes, et al. v. Knauf Gips, KG, et al.*, Civ.Action No. 09-6690 its companion Complaint in Intervention, a case involving approximately 100 foreign manufacturing defendants; 52 distributors, suppliers, exporters, or brokers; 217 builders or developers; and 87 contractors or installers.

Omni IV:   *Joyce W. Rogers, et al. v. Knauf Gips, K.G., et al.*, Civ. Action No. 10-362 (E.D.La.), a second national class action against four related Knauf manufacturing entities; 11 distributors, suppliers, importers, exporters or brokers; 113 builders or developers; and 18 contractors or installers.

Omni V:   *Dean & Dawn Amato, et al. v. Liberty Mutual Insurance Company, et al.*, Civ. Action No. 10-932 (E.D.La.), a declaratory judgment class action against nearly 90 insurers, including MCC, and their insureds seeking coverage for losses related to CDW.

Omni VI:   *Charlene & Tatum Hernandez, et al. v. AAA Insurance, et al.*, Civ. Action No. 10-970 (E.D.La.), a declaratory judgment class action filed by homeowners against their homeowners insurance carriers.

Omni VII:   *Kenneth Abel v. Taishan Gypsum Co., Ltd. f/k/a Shandong Taihe Dongxin Co., Ltd. ("Taishan"), et al.*, Civ. Action No. 11-080 (E.D.La.), a class action against Taishan, its related entities, distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers.

Omni VIII:   *Daniel Abreu, et al. v. Gebrueder Knauf Verwaltungsgesellschaft, KG, et al.*, a class action filed against Knauf and the Knauf-related entities, as well as distributors, suppliers, importers, exporters, brokers, builders, developers, contractors, and installers.

The claims asserted in the above Omni class actions are generating substantial coverage issues for the insurers involved in these litigations.  As a result of all of the Omni Complaints, even more insurers are expected to present themselves in the MDL and in other District and State Courts.  Judge Fallon has repeatedly recognized the commonality between the factual issues being developed in the underlying litigations and their relation to insurance coverage matters.

He has repeatedly spoken out in open court to encourage transfer of insurance coverage litigation to the transferee court.[5]  As a consequence, there are numerous additional insurance coverage actions present in the MDL. *See. e.g., Honore and Elaine Canty, et al. v. Allstate Insurance Company, et al.*, Civ. Action No.10-929 (E.D.La.); *Jessie Vu and Kristie Mai, et al. v. Progressive Advanced Insurance Company, et al.*, Civ. Action No.10-930 (E.D.La.); *Jordan and Brande Cassagne, et al. v. Republic Underwriters Insurance Company, et al.*, Civ. Action No. 10-928 (E.D.La.).

Judge Fallon has implemented several administrative efforts to coordinate insurance coverage matters, including actions seeking coverage against MCC in the MDL.  The first measure instituted by the court was the appointment of an Insurer Steering Committee and appointment of Lead Counsel and members to the Insurer Steering Committee.  *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Pretrial Order No. 20 (E.D.La. Apr. 6, 2010).[6]  Shortly thereafter, the court implemented a second administrative measure that required all insurance carriers in MDL No. 2047 to produce a profile form to obtain an immediate census of all related insurance coverage across the MDL.  *See In re Chinese-Manufactured Drywall Products Liability Litigation*, MDL No. 2047, Pretrial Order No. 23 (E.D.La. Apr. 27, 2010).[7]

Judge Fallon has stated that bringing all of the actions before the transferee court presents a "once in a lifetime opportunity to resolve the litigation."  In Fallon, *Bellwether Trials in*

---

5 Undersigned is by no means herein addressing whether the above-styled actions should be transferred to Judge Fallon.  That matter is in the domain of the JPML.  Rather, the PSC and the Transferee Judge have taken the position that, at a minimum, all pending actions impacting the MDL cases should logically be coordinated with the MDL proceedings for efficiency with an eye toward global resolution. Indeed, several State Court judges have been coordinating with Judge Fallon since the inception of the MDL.

[6]Available at http://www.laed.uscourts.gov/Drywall/Orders/PTO20.pdf.

[7]Available at http://www.laed.uscourts.gov/Drywall/Orders/PTO23.pdf.

*Multidistrict Litigation*, 82 Tul.L.Rev. 2323, 2340-41 (2008), Judge Fallon expressed his opinion

as to the ability to enhance global settlements through the coordinating function of the MDL:

> As in traditional tort litigation, the endgame for a mass tort dispute
> is not trial but settlement....[and] the most ambitious settlements
> seek to make and enforce a grand, all-encompassing peace in the
> subject area of the litigation as a whole.  By virtue of the
> temporary national jurisdiction conferred upon it by the MDL
> Panel, the transferee court is uniquely situated to preside over
> global settlement negotiations.  Indeed, the centralized forum
> created by the MDL Panel truly provides a 'once-in-a-lifetime'
> opportunity for the resolution of mass disputes by bringing
> similarly situated litigants from around the country, and their
> lawyers, before one judge in one place at one time.  Transferee
> courts can contribute to the fulfillment of this important role
> through the initiation and management of the bellwether trial
> process.

The PSC concurs with Judge Fallon's reasoning and his logic is unassailable.  Settlement

of the Chinese drywall litigation cannot be achieved unless the insurance interests and the MDL

litigation are coordinated.  Coordinating both the underlying litigation and the insurance

coverage issues between the judges who are hearing the coverage matters with the judge who is

most knowledgeable about the underlying claims at issue presents the most efficient and

convenient way to resolve this national and international litigation.

Indeed, on October 14, 2010, during the monthly MDL status hearing, Judge Fallon

announced the Settlement Agreement for the Demonstration Remediation of Homes with KPT

Drywall ("Knauf Pilot Program"). See Exhibit "C" at 1-2 (October 14, 2010 Minute Entry).

Three hundred homes were initially selected to be remediated under the Knauf Pilot Program.

Since that announcement, Judge Fallon has repeatedly expressed his hope that the Knauf Pilot

Program settlement will form the framework for a global resolution of the MDL.

In order to develop the Pilot Program, seasoned Louisiana mediator John W. Perry

presided over numerous mediation sessions involving the PSC and counsel for Knauf, builders,

13

suppliers, installers, and insurers until the Pilot Program was finalized.  Lawyers for all of these entities, including the PSC and counsel for many insurers, worked together for several months to prepare the settlement papers and to address the logistical issues related to the remediation of hundreds, if not thousands, of homes.  With this backdrop, Perry has mediated cases in Lee County and throughout the State of Florida; Knauf has participated in these conferences even though it was not a named party.  These mediations have resulted in resolution in accordance with the Pilot Program.

Under the Pilot Program, each homeowner is entitled to:

a. Full remediation of their home pursuant to a Scope of Work approved by Judge Fallon;

b. Certification that the home is free of CDW after the remediation is complete;

c. A lump sum payment of $8.50 per square foot that may increase if other conditions are met;

d. Payment of costs and attorneys' fees; and

e. Retention of personal injury claims.

Since the Pilot Program was announced, Knauf's lawyers, Judge Fallon, and the PSC have worked to expand the Pilot Program to include more homeowners.  It is no secret that Knauf is actively seeking contributions from insurers, suppliers, and builders in order to fund the settlement.  As more parties and insurers contribute to the fund, Knauf has expanded the Pilot Program to include more homes.  This is the very basis of the Pilot Program.  It solves the problem of piecemeal settlements which lead to crossclaims, counterclaims, contribution and indemnity actions as well as coverage disputes in the State and Federal Courts and pools the global resources of all of the putatively responsible parties.  Contributions by insurers are a critical element of the Pilot Program.

With respect to MCC's instant declaratory judgment actions, more than one-third of the homes at issue in these cases have Knauf drywall. Knauf's counsel has advised undersigned counsel that Knauf is willing to participate in any future global mediation relating to Knauf homes in these actions with an eye toward global resolution.

## III.  CONCLUSION

Pursuant to the Court's March 7, 2011 Orders, undersigned submits that MCC's declaratory judgment actions pending before this Court and the MDL are related in the following ways:

1. MCC's declaratory judgment actions are related to the MDL because MCC's insureds in most cases were sued in the MDL.

2. The MDL and MCC's actions involve coverage issues related to CDW. Judge Fallon is addressing coverage issues in the MDL.

3. Judge Fallon has repeatedly promoted a global resolution of the Chinese Drywall cases. A global resolution is more probable with the proper coordination of the defendants and insurance companies at issue.

4. Mediator Perry is extremely knowledgeable regarding the drywall crisis and has presided over the settlement discussions for the Pilot Program. It is axiomatic that he would be in the best position to effectively work with the parties in these cases.

5. To the extent that mediations proceed in these cases and involve homes with Knauf drywall and/or drywall supplied by Banner Supply, these entities should participate in the mediations, or at the minimum be afforded the opportunity to participate.

Respectfully submitted,

Dated this 18th day of March, 2011.

By: /s/ Scott Wm. Weinstein
Scott Wm. Weinstein, Esq.
Florida Bar No. 563080
Panagiotis V. Albanis, Esq.
Florida Bar No. 77354
MORGAN & MORGAN, P.A.
P. O. Box 9504
Fort Myers, FL 33906-9504
Telephone: (239) 433-6880

Facsimile: (239) 433-6836
Email:  sweinstein@forthepeople.com
Email:  palbanis@forthepeople.com
*Attorneys for certain Homeowner Defendants
and on behalf of the PSC in MDL 2047*

## CERTIFICATE OF SERVICE

I hereby certify that this 18th day of March, 2011, a copy of this Memorandum was filed using the Court's CM/ECF system which will send electronic notice of this filing to all counsel of record.

/s/ Scott Wm. Weinstein
Scott Wm. Weinstein, Esq.